**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**M.D. MAGDALINA KALINCHEVA,**
              **Plaintiff,**

       **v.**                                **Civil Action No.  13-40110-TSH**

**JESSE L. NEUBARTH,**
              **Defendant.**

**MEMORANDUM AND ORDER**

**HILLMAN, D.J.**

      On September 10, 2013, Plaintiff Magdalina Kalincheva, a resident of Stockton, California, filed her self-prepared complaint against her former husband, a resident of Bakersfield, California.  With the complaint, plaintiff filed several ex-parte motions.  For the reasons stated below, the Court dismisses this action and warns plaintiff of the Court's power to enjoin vexatious litigants.

**I.**      **BACKGROUND**

      Although the case caption of plaintiff's complaint clearly identifies the plaintiff and defendant, the factual allegations are difficult to decipher.  The title of plaintiff's complaint reads as follows:

> **COMPLAINT I-864 AFFIDAVIT**
> **INSTANT ACTION TO BE OFF FS**
> **RESTORE LIFE 80 YEARS**
> **REQUIRED TOTAL FORFEITURE**
> **OF ALL HS ASSETS RIGHTS**
> **MARRIAGE FOUR PREGNANCIES**
> **FOUR CHILDREN BY PLAINTIFF80**
> **YEARS PROSPERITY**

Compl., p.1.  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that plaintiff has filed at least nine similar actions in several California

federal district courts.  See Kalincheva v. Neubarth, C.A. No. 12-2231 (Aug. 27, 2012 E.D. Cal.);

 Kalincheva v. Neubarth, C.A. No. 13-384 (Feb. 20, 2013 S.D. Cal.); Kalincheva v. Neubarth,

C.A. No. 13-1391 (Jul. 12, 2013 E.D. Cal.); Kalincheva v. Neubarth, C.A. No. 13-1601 (Aug.

2, 2013 E.D. Cal.); Kalincheva v. Neubarth, C.A. No. 13-1676 (Aug. 14, 2013 E.D. Cal.);

Kalincheva v. Neubarth, C.A. No. 13-3212 (Jul. 11, 2013 N.D. Cal.); Kalincheva v. Neubarth,

C.A. No. 13-3294 (Jul. 15, 2013 N.D. Cal.); Kalincheva v. Neubarth, C.A. No. 13-789 (Apr. 3,

2013 S.D. Cal.); and Kalincheva v. Neubarth, C.A. No. 13-1046 (May 1, 2013 S.D. Cal.).

By Order dated June 4, 2013, plaintiff's case was dismissed without leave to amend and

the Clerk of Court was ordered not to "cause any document to be filed in this case in the future

without specific instruction from the Court."  See 06/04/13 Order, Docket No. 14, Kalincheva

v. Neubarth, No.13-CV-789-MMA(WVG).

Here, plaintiff asks this Massachusetts federal court not to "return this to California or

Texas Courts." Compl., p 3.  Although not identical, the instant complaint is substantially similar

to the pleadings filed in the California federal courts.  Plaintiff appears to be an immigrant from

Bulgaria and the complaint requests that the Court contact the Bulgarian Embassy for issuance

of a passport for plaintiff.  Compl., p 4.   As in her prior lawsuits, the instant complaint alleges

that her 1992 divorce from defendant Neubarth was illegal and that the affidavit of support filed

by defendant Neubarth pursuant to the Immigration and Nationality Act now requires defendant

to provide a minimum level of support to plaintiff.

## II.      DISCUSSION

### A.      Screening of the Complaint

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  Here, the Court is unable to determine a jurisdictional basis for this action.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994).   The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331. 1332, confer "federal question" and "diversity" jurisdiction, respectively.   For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962).

Here, it does not appear that the Court has subject matter jurisdiction over this action. Jurisdiction does not exist under Section 1331 because the plaintiff has not identified a cause of

action under federal law.  Jurisdiction does not exist under Section 1332 because plaintiff has not alleged that the parties reside in different states or that the amount in controversy exceeds $75,000.  Consequently, a court without jurisdiction over a claim must dismiss it.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (internal citation omitted).

Additionally, sua sponte dismissal of a complaint for failure to state a claim is warranted where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile."  See Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002) citing Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) (sua sponte dismissal may be permissible if material facts are crystal clear and no amendment of the complaint could possibly serve to alter the Court's disposition of plaintiff's claims).  Although "dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice," where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate. Id. at 36–37.

In screening plaintiff's complaint, the Court recognizes that pro se pleadings are construed generously.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

B.      The Instant Action is Subject to Dismissal

4

Even construed liberally, plaintiff's complaint is subject to dismissal. The Court finds plaintiff's pleadings to be rambling and incoherent.  As noted above, supra., ¶ I (background) , plaintiff has unsuccessfully attempted to bring identical claims against this defendant in several prior lawsuits.  As recently as June 4, 2013, plaintiff's pleadings were found to have been insufficient to establish personal or subject matter jurisdiction and, more importantly, insufficient to assert any cognizable claims.  See 06/04/13 Order, Docket No. 14, Kalincheva v. Neubarth, No.13-CV-789-MMA(WVG).  The Court finds that all of the deficiencies that the California court explained in the June 4th Order apply with equal force to the instant action.  Moreover, the Court finds that granting plaintiff leave to amend would be futile. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir.2009) (motion for leave to amend "should be granted unless the amendment would be futile or reward undue delay.") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).  Thus, this action is subject to dismissal.

**III.     COURT'S POWER TO ENJOIN VEXATIOUS LITIGANTS**

Plaintiff has sought to file the same claims in several federal courts in California, and now this Massachusetts federal court.  The Court finds that Plaintiff's behavior is vexatious and an abuse of the processes of this Court for the administration of justice.[1]  Plaintiff is advised that a

---

[1]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

5

district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)).

Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted).  Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent.  See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

In addition to Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Apart from authority under Rule 11 and section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before

6

it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.  See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); John's Insulation, Inc. v. L. Addison & Assocs., 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41).

As noted above, plaintiff is continuing to engage in a pattern of filing lawsuits that is vexatious.  Accordingly, plaintiff is warned that she could be enjoined from filing further actions in this Court absent permission from a district judge, and/or that she could be subject to monetary sanctions should she make any additional frivolous and/or unreasonable submissions to this Court.

## IV.    CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    This action is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction;

2.    Plaintiff is warned that she could be enjoined from filing further actions in this Court absent permission from a district judge, and/or that she could be subject to monetary sanctions should she make any additional frivolous and/or unreasonable submissions to this Court; and

3.    The Clerk is directed to close this action forthwith and to terminate all pending motions.

SO ORDERED.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

DATED:10/2/13